**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 1:21-cr-00045-TSB |
| Plaintiff, | ) |
| | ) Judge Timothy S. Black |
| v. | ) |
| JAMES R. SCHWARTZ, II, | ) |
| Defendant. | ) |

**<u>DEFENDANT JAMES R. SCHWARTZ, II'S SENTENCING MEMORANDUM</u>**

James R. Schwartz, II respectfully submits this memorandum in support of a variance below the recommended guidelines range. Mr. Schwartz's efforts at self-disclosing this criminal conduct, fully cooperating with the FBI and the U.S. Attorney's Office, and his history and characteristics support a variance below the recommended sentencing guidelines range. A below-guidelines sentence is still sufficient, but not greater than necessary to accomplish the statutory purposes of sentencing.

**I.     INTRODUCTION**

Jamie Schwartz is a 42-year-old father of two young children. Mr. Schwartz voluntarily reported his embezzlement of funds from Congressional Campaign A in September 2019. His initial cooperation involved the production of documents and a computer, and a voluntary interview with no protection of any kind, such as a limited-use proffer agreement or any other kind of immunity protection. His cooperation also included identifying and turning over a vehicle he purchased with the proceeds of his offense. The voluntary nature of his coming forward and the extent of his forthrightness from the very beginning stands outside the ordinary framework in which courts ordinarily assess cooperation in criminal cases. He resolved to cooperate and voluntarily took the first steps toward doing so before he was charged with any offense.

His involvement in this offense has already led to the loss of his career in politics. At the age of 42, he is rebuilding his life and it will look different. He knows his conduct merits punishment, something he realized before he started down the path of turning himself in.

Jamie Schwartz's hard work, dedication to his family, and willingness to help others are well documented in the numerous letters being submitted to the Court on his behalf. See Exhibit 1, Collection of letters from family, friends, and employer. The letters come from family, friends, and members of the community. They offer a testament to the kind of person he is. They confirm the exceptional qualities that have defined Jamie's life, which has, to this point, been a life defined by hard work and dedication to family and friends. Jamie accepts full responsibility for the misconduct which brings him before the Court for sentencing. He wishes to publicly acknowledge his wrongdoing, submit his sincere apology to the community, and atone for his misdeeds, which have already cost him dearly.

## II.     ANALYSIS

This Court begins its analysis of the appropriateness of a sentence pursuant to 18 U.S.C. § 3553 by initially calculating the appropriate Sentencing Guideline range. *Gall v. United States*, 552 U.S. 38, 49 (2007). The Guidelines provide "the starting point and the initial benchmark." *Id.* The Court next considers the arguments made by the parties before considering "all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Id.* Applying the facts stated above to the factors in 18 U.S.C. § 3553(a), a below-guidelines sentence is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, provide adequate deterrence to criminal conduct and protect the public from further crimes. 18 U.S.C. § 3553(a)(2). The court must consider the following factors:

a) the nature and circumstances of the offense and the history and characteristics of the defendant;

b) the need for the sentence imposed to achieve each of the enumerated purposes of sentencing;

c) the kinds of sentence available;

d) the applicable statute, guideline range and policy statements; and

e) the need to avoid unwarranted sentence disparities among similarly situated defendants. *Id.*

In evaluating the background and character of the person before a Court for sentencing, there is no limitation on the kinds of information the Court may consider. 18 U.S.C. § 3661. Rather, it is entirely appropriate for the Court to consider all that a person has accomplished, separate and apart from the charged conduct, in determining an appropriate sentence.

Mr. Schwartz's conviction in this case stands in stark contrast to his background. He has zero criminal history points and is in Criminal History Category I. A variance below the recommended guidelines would still reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a). In the case of Mr. Schwartz, there is no need to provide any educational or vocational training. 18 U.S.C. § 3553(a)(2)(D). He is a college graduate with a long history of hard work.

### A. Jamie's history and characteristics support a sentence below the recommended guidelines.

Jamie Schwartz's life is one that has been marked by hard work, dedication to family and friends, and good deeds in the community. Jamie was raised in a family of four children. His parents were small business owners who provided a loving and supportive environment for Jamie and his siblings.

After graduating from Elder High School, Jamie attended and graduated from the Ohio State University, attaining a Bachelor of Arts degree in Political Science. His first job out of college was working on a political campaign, and his career in politics grew from there.

Jamie's marriage led to the two most important people in his life—his children, who are the light of his life. One of the consistent themes in the letters of support is his dedication to his children. Ironically, Jamie's fall from grace has led him to become more invested in his kids' lives and to be a better father. It is devastating to him to know the negative impact his actions have had and will have on his children. He is committed to doing everything he can to maintain his relationship with his kids and to be an even better father in the future. Jamie is actively involved in all aspects of his children's lives, including coaching his son's t-ball and soccer teams, attending his children's school events, and his daughter's dance recitals.

Since disclosing his misconduct to the FBI and the U.S. Attorney's Office, Jamie has not shirked from working hard. After shuddering the doors on his business, he has worked as a landscaper, an electrician, and a freight broker. He is a highly valued employee at his current job, where he hopes to return once he has served his sentence.

Jamie remains committed to his family, friends, and community. As seen through the letters of support, his family and community remain committed to him. While the guidelines recommend a sentence that includes time in prison, Jamie, along with multiple members of his family and friends, request this Court to show him some leniency in handing down its sentence for this crime.

Like the defendant in *Pepper*, Schwartz is a good employee at work and is actively involved in the lives of his children. *Pepper v. United States*, 562 U.S. 476, 492 (2011). There is no question that Jamie's progress since he first approached the FBI and the U.S. Attorney's Office forms a critical part and the most up-to-date picture of his "history and characteristics"

that Congress intended courts to consider under 18 U.S.C. § 3553(a). *Id.* He is remorseful, and he understands the gravity of his misconduct. His actions since the offense should be given serious consideration by the Court when fashioning an appropriate sentence.

Jamie Schwartz is committed to doing what he can to accept responsibility for his offense and to rebuild his life so he can be a better father, brother, son, friend, employee, and community member. His efforts at self-rehabilitation since the offense should be recognized. Jamie Schwartz is deserving of a variance below the recommended range of imprisonment so that he may reunite sooner with his children and get back to being a productive member of the community who will use his gifts for the betterment of himself and others.

### B. There is little risk that Jamie Schwartz will commit further offenses.

One of the factors listed in § 3553(a) is the need "to protect the public from further crimes of the defendant." It is a circumstance that supports leniency in Jamie's case. Jamie Schwartz's age and his low criminal-history category suggest a very low risk of recidivism. Studies performed by the United States Sentencing Commission show that individuals like Jamie (zero criminal history points, criminal history category I, stable employment history, college graduate, divorced, no illicit drug use, and between the ages of 41 to 50), have one of the lowest recidivism rates. *See* United States Sentencing Commission, *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines*, 28–29 (2004).[1] Further, like the defendant in *Gall*, Mr. Schwartz's self-rehabilitation was undertaken on his own initiative and demonstrates that specific deterrence and the protection of the public are factors that weigh in his favor. *Gall v. United States*, 552 U.S. 38, 59 (2007).

---

[1] https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2004/200405_Recidivism_Criminal_History.pdf

Jamie Schwartz will never be a treasurer for a congressional political campaign, or any other political campaign for that matter. His career in politics is over. He nailed the lid on that coffin the day he walked into the U.S. Attorney's Office to self-report his offense. He has already begun the hard work of rehabilitating himself by working his way up into a well-paying job for which he is well suited, and where he enjoys a good reputation as a dependable and reliable worker who helps coach other employees to be more productive. The public will be adequately protected even if he is given a below-guidelines sentence. Jamie Schwartz is a person who is dedicated to contributing to the well-being of his family and his community, and nothing in his background suggests that he is a threat to the public.

**III. CONCLUSION**

This Sentencing Memorandum has attempted to provide some insight into Jamie's commitment to his family, friends, and community. A thorough read of the letters of support will further support Jamie's position as a devoted father to his two young children. Jamie Schwartz's family, friends, and many community members obviously believe that he can provide positive value to society. He is devoted to help provide care and support for his children. Jamie Schwartz is 42 years old and poses a very low risk of recidivism. He realizes his actions have had an enormously negative impact on many others, and he is sincerely remorseful for his actions. He respectfully requests that the Court impose a below-guidelines sentence so that he can more quickly return to the community and be a force for positive influence.

Respectfully submitted,

 /s/ *Kevin M. Tierney*
Kevin M. Tierney (0072533)
**FROST BROWN TODD LLC**
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202-4182
Telephone: (513) 651-6859
ktierney@fbtlaw.com

*Counsel for Defendant, Jamie Schwartz*

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing has been served on all parties via their counsel of record through the Court's ECF System this 24th day of February 2022. For any counsel not registered to receive filings electronically, a copy of the foregoing will be sent by regular U.S. Mail, postage pre-paid.

 /s/ *Kevin M. Tierney*

Kevin M. Tierney (0072533)

0143028.0724284   4882-4095-1312v1